NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**TIMOTHY SHERIDAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2015-5073

———————————

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00696-MCW, Judge Mary Ellen Coster Williams.

———————————

Decided: October 8, 2015

———————————

TIMOTHY SHERIDAN, Philadelphia, PA, pro se.

JOHN J. FARGO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER.

———————————

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Thomas Sheridan brought this case against the United States in the Court of Federal Claims based on allegations that various private persons have infringed or are infringing his patent. The court dismissed Mr. Sheridan's complaint, holding that he had not identified any law that permits the recovery he seeks from the United States for third parties' infringements. *Sheridan v. United States*, 120 Fed. Cl. 127 (2015). We affirm.

## BACKGROUND

Mr. Sheridan is the owner of U.S. Patent No. 7,415,982. Naming him as the inventor, the patent describes and claims a "smokeless pipe," which delivers to a "smoker" the active, volatile components of a substance like tobacco but does so without combustion, thereby avoiding delivery of dangerous byproducts of burning. Mr. Sheridan alleges that a large number of sellers of smokeless pipes are infringing his patent and that some search engines and other online sites hide his website and block his ads. *See Sheridan*, 120 Fed. Cl. at 129. In this suit, Mr. Sheridan asserts that the United States violated federal statutes by failing to "assist" him in recovering losses from the numerous infringers of his patent, and he seeks damages of between $30 billion and $496 billion. *Id.*

The Court of Federal Claims dismissed Mr. Sheridan's complaint. *Id.* at 132. It held that none of the statutes Mr. Sheridan invoked in his complaint or in his briefing subjects the United States to monetary liability on the facts he alleges in his complaint. *Id.* at 130–32. For that reason, the Court of Federal Claims dismissed the complaint, concluding that it lacked jurisdiction and, in the alternative, that the complaint does not state a claim on which relief could be granted. *Id.* at 132 & n.2.

Mr. Sheridan appeals. We have jurisdiction to hear the appeal under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the dismissal *de novo*, there being no factual or discretionary determinations of the Court of Federal Claims to which we owe deference. *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (dismissal for failure to state a claim); *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011) (dismissal for lack of jurisdiction). Mr. Sheridan identifies three statutes that he says allow him to bring this suit against the United States for monetary damages. But none of the statutes suffices to support this action.

One statute is 22 U.S.C. § 2351, but the claim under that statute fails at the jurisdictional threshold. The Tucker Act, 28 U.S.C. § 1491(a)(1), which is the only relevant jurisdictional grant for this purpose, covers a claim "founded . . . upon . . . any Act of Congress" only if the particular statute is one that mandates monetary relief against the United States when violated. *See United States v. Navajo Nation*, 556 U.S. 287, 290 (2009); *United States v. Testan*, 424 U.S. 392, 400 (1976); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). Section 2351 does no such thing. It provides for the federal government to assist other countries for increasing international trade, 22 U.S.C. § 2351(a), and for the President to take various actions to "encourage and facilitate participation by private enterprise" to further that goal, § 2351(b). It also establishes an "International Private Investment Advisory Council on Foreign Aid" to advise the government on how to involve private companies in international aid programs. § 2351(c). Nowhere did Congress provide for a cause of action to secure monetary relief against the government for any violations of section 2351. Mr. Sheridan's invoca-

tion of the provision, therefore, falls outside the Court of Federal Claims' jurisdiction.

Mr. Sheridan also invokes a related federal statute, 22 U.S.C. § 2356, but that statute, while it authorizes monetary relief against the government in some circumstances, does not do so on the facts alleged by Mr. Sheridan. Section 2356 is limited to certain infringements committed "in connection with the furnishing of assistance under [the Foreign Assistance Act]." 22 U.S.C. § 2356(a); *see Hughes Aircraft Co. v. United States*, 534 F.2d 889, 899 (Ct. Cl. 1976) (Act covers "patent infringement claims arising in connection with the Government's foreign military sales and assistance activities"). Mr. Sheridan has not alleged facts placing the underlying infringements within that narrowly circumscribed category. Accordingly, Mr. Sheridan's claim based on section 2356 must be dismissed for failure to state a claim on which relief can be granted.

The third statute at issue, 28 U.S.C. § 1498, is similarly inapplicable on the facts alleged. Section 1498 authorizes monetary suits against the United States in two instances: when the United States infringes a patent, and when another person infringes a patent acting on behalf of the United States, *i.e.*, when an invention "is used or manufactured by or for the United States without license of the owner thereof." 28 U.S.C. § 1498(a); *see Zoltek Corp. v. United States*, 672 F.3d 1309, 1319 (Fed. Cir. 2012) (en banc in relevant part). Mr. Sheridan has not alleged infringement by the United States; and although he has alleged infringement by private companies, he has not alleged that the private infringers had authorization from or otherwise were acting for the federal government. Section 1498 thus does not apply here, and the claim based on section 1498 therefore must be dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION

The judgment of the Court of Federal Claims dismissing the complaint is therefore affirmed.

No costs.

**AFFIRMED**